IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FRANKENMUTH MUTUAL INS. CO., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION: 1:22-00205-KD-C |
| PERSONAL TOUCH BY JR RIVAS, INC., ) | |
| *et al.*, ) | |
|     Defendants. ) | |

**ORDER**

This matter is before the Court on Plaintiff's Application for Entry of Default against Defendant Robert Nelms (Doc. 10) and Defendant Robert Nelms' Objection (Doc. 11).

Federal Rule of Civil Procedure Rule 55 sets out a two-step procedure for obtaining a default judgment which includes -- as a prerequisite -- a Clerk's Entry of Default. Specifically, when a defendant fails to plead or otherwise defend, the moving party must first apply to the clerk of court for a clerk's entry of default. FED.R.CIV.P. 55(a). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules," it is subject to entry of default. Id. However, a defendant is under no obligation to plead or otherwise defend until and unless it is "served with the summons and complaint." Id. Rule 12(a)(1)(A); *accord* Securities and Exchange Commission v. Wright, 261 Fed. Appx. 259, 261 (11th Cir. 2008). Thus, "[b]efore a default can be entered...the party must have been effectively served with process." 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2682 at 14 (3rd ed.1998). Only thereafter, may a court enter a default judgment against a defendant whom default has been entered, per Rule 55(b)(2).

On May 26, 2022, Plaintiff Frankenmuth Mutual Insurance Company (Frankenmuth) initiated this action against Defendants Personal Touch JR Rivas, Inc. and individual Robert Nelms

1

(JR Rivas and Nelms) (Doc. 1). On June 13, 2022, the defendants' Summonses were returned as executed on June 3, 2022 and June 1, 2022, respectively, via certified mail as issued to: "Personal Touch by JR Rivas, Inc. Attn: JR Rivas, 7796 County Road 19, Demopolis, AL 36732" and signed for (what appears to be) by "JR Rivas" (Doc. 6 at 3); and "Robert Nelms, 101 Ash Avenue, Pell City, AL 35128" by an individual named "Lorianna Nelms" (Doc 7). As to service on Nelms, Lorianna Nelms did not check the box indicating she was the agent for him for purposes of service. On June 20, 2022, the Defendants jointly filed an Answer to Frankenmuth's Complaint (Doc. 8).

On June 27, 2022 Frankenmuth filed an Application for Default against Defendant Nelms because he "has failed to answer or otherwise defend by the filing of any document[]" in the timeframe required. (Doc. 10). The Application was filed with an "Affidavit" of Kori L. Clement (Clement), counsel for Frankenmuth, asserting that Defendant Nelms had been served on June 1, 2022, but had failed to answer or otherwise defend against Frankenmuth's Complaint. (Doc. 10 at 5 (Aff. Clement)).

Clement asserts that individual Nelms failed to appear in this case even though the docket clearly indicates -- as highlighted by counsel for both Defendants -- that the Defendants answered Frankenmuth's Complaint and that Clement was served with same on June 20, 2022 (Doc. 8) -- seven (7) days before the application for default was filed. In addition to being notified instantaneously through the Court's CM/ECF docket entry (SDAL Local Rule 5.1(d)(5) "[s]ervice by electronic means is complete on transmission[]"), the Answer's Certificate of Service indicates that Frankenmuth's counsel was notified by service to the address counsel provided on the Complaint and Disclosure Statement. (Doc. 8 at 3). Given the foregoing, Plaintiff's application for entry of a default against Defendant Nelms (Doc. 10) is **DENIED.**

Finally, counsel Clement has filed the Complaint, Disclosure Statement, and Application for Default listing herself as counsel at the law firm of Klasing, Williamson & Burke, P.C., 1601 Providence Park, Birmingham, AL 35242. However, the email address provided by counsel is "clem@harelaw.com" suggesting counsel's association with a different law firm. And the docket also lists counsel Clement as associated with the the law firm of "Hare & Clement, P.C., 100 Chase Park South, Suite 200, Hoover, AL 35244." There is no explanation for this discrepancy and it is unclear as to which law firm counsel is associated.[1]

As such, it is **ORDERED** that Plaintiff's Application for Entry of Default (Doc. 10) against Defendant Nelms is **DENIED.**

**DONE** and **ORDERED** this the **28th** day of **June 2022.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court's independent review of counsel's filings in other SDAL cases, via CM/ECF, reveals this discrepancy has been occurring repeatedly. Counsel is encouraged to correct same in any pending cases at his/her earliest convenience to avoid unnecessary confusion.