IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FRANKENMUTH MUTUAL INSURANCE COMPANY, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>PERSONAL TOUCH BY JR RIVAS, INC., )<br>*et al.*, )<br>    Defendants. ) | CIVIL ACTION 2:22-00205-KD-C |

**ORDER**

This matter is before the Court on a *sua sponte* review of the record.

On May 26, 2022, Plaintiff Frankenmuth Mutual Insurance Company (FMIC) filed this Complaint for Declaratory Judgment based on federal diversity subject matter jurisdiction against Defendant Personal Touch by JR Rivas, Inc. (Personal Touch) and Robert Nelms (Nelms). (Doc. 1). FMIC seeks entry of a declaratory judgment that an FMIC insurance policy issued to Personal Touch provides no coverage to Personal Touch and/or Nelms for loss from, or related to, a specific April 1, 2022 auto accident involving its employee Robert Nelms. (Id. at 5). FMIC based federal jurisdiction on the amount in controversy and diversity of citizenship per 28 U.S.C. § 1332: 1) diversity of citizenship -- FMIC (Michigan); Personal Touch (Alabama); Nelms (Alabama); and 2) amount in controversy -- "[a]n actual justiciable controversy exists between the Plaintiff and the Defendants involving rights and liabilities existing under a contract of insurance issued by FMIC to Personal Touch. The dispute and controversy involve[] more than Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs." (Doc. 1 at 2 at ¶¶4-5).[1] Elsewhere

---

[1] In a declaratory judgment action, there must be an <u>independent</u> basis for federal jurisdiction. The Declaratory Judgment Act provides that "[i]n a case of actual controversy *within its jurisdiction* ... any court of the United States ... *may* declare the rights and other legal relations of any interested party seeking such (Continued)

in the Complaint, FMIC's alleges that the declaratory judgment action is rooted in the applicability of the Business Auto Policy issued to Personal Touch (Policy No. 6648313) (with $1,000,000 in liability coverage, $5,000 in auto medical payments, and "actual cash value or cost of repair, whichever is less, minus deductible for each covered 'auto' shown in Item Three" for physical damage collision coverage) to the specific April 1, 2022 auto accident.[2]

In its Answer to FMIC's Complaint, Defendants dispute federal subject matter diversity jurisdiction and assert that the accident resulted in property damage totaling only $13,000 and "there have been no other claims made so as to constitute or create a dispute such that the controversy would be in excess" of $75,000. (Doc. 8 at 1 at ¶2). Additionally, per the Defendants there is not "any claim or cause of action pending or threatened against the Defendants, and ... the Complaint for Declaratory Judgment is premature and is due to be dismissed." (Id. at 2 at ¶8).

Given the foregoing, the undersigned must *sua sponte* address jurisdiction. Specifically, Defendants contend there is no federal jurisdiction due to the absence of an amount in controversy in excess of $75,000. FMIC has not addressed this jurisdictional issue to date. Despite this, the Court has an affirmative obligation to inquire into its jurisdiction at all times.

---

declaration." 28 U.S.C. § 2201(a) (emphasis added). A plaintiff must "allege facts showing that the controversy is within the court's original jurisdiction." Household Bank v. JFS Grp., 320 F.3d 1249, 1253 (11th Cir. 2003); Medtronic, Inc. v. Mirowski Fam. Ventures, LLC, 134 S. Ct. 843, 848 (2014) ("the Declaratory Judgment Act does not 'extend' the 'jurisdiction' of federal courts[]"); Stuart Weitzman, LLC v. Microcomputer Res., Inc., 542 F.3d 859, 861-862 (11th Cir. 2008) ("...it is well established that the Declaratory Judgment Act does not, of itself, confer jurisdiction upon federal courts[]").

[2] The sole named insured is "Personal Touch by JR Rivas, Inc." and the policy includes a Business Auto Coverage Form amended with an Alabama Named Driver Exclusion Endorsement excluding Defendant Nelms, a Personal Touch employee, from coverage. On April 1, 2022, Nelms was involved in an automobile accident in which he allegedly rear-ended another vehicle causing damage to both vehicles and bodily injury to the driver and occupant of the other vehicle. On April 6, 2022, FMIC issued a declination of coverage letter to Personal Touch for the April 1, 2022 auto accident, citing the Alabama Named Driver Exclusion Endorsement which excluded Nelms.

"[A] federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, …[and] must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). "A federal court has an independent duty to ensure that it has subject-matter jurisdiction. *See, e.g.*, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514... (2006). And that means that it can take up the issue of such jurisdiction on its own. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000)." McIntosh v. Royal Caribbean Cruises, Ltd., 5 F.4th 1309, 1312 (11th Cir. 2021). And a federal court may raise jurisdiction issues "at any stage of the litigation." Pierson v. Rogow, 669 Fed. Appx. 550 (11th 2016) (citing Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006)). "'If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.' Fed.R.Civ.P. 12(h)(3); *see also Morrison,* 228 F.3d at 1261." Beavers v. A.O. Smith Elec. Products Co., 265 Fed. Appx. 772, 777 (11th Cir. 2008). However, "[b]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." Day v. McDonough, 547 U.S. 198, 210 ... (2006).

Per 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a)(1). "It is the responsibility [and burden] of the pleader to 'affirmatively allege facts demonstrating the existence of jurisdiction.' *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)." Pierson, 669 Fed. Appx at 551. See also Beavers, 265 Fed. Appx at 777. FMIC's jurisdictional allegation for federal diversity subject matter jurisdiction appears to satisfy its burden as to diversity, but not as to the amount in controversy. FMIC asserts only -- summarily -- that "[t]he dispute and controversy involve[] more

3

than Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs." (Doc. 1 at 2 at ¶5). FMIC's Complaint does not allege any expenses and/or any details of vehicle damage from the accident, personal injuries, medical treatment, etc. in connection with same. FMIC only generally identifies the policy limit of $1,000,000 elsewhere in the Complaint. However, FMIC provides no information as to how it arrives at an amount in controversy in excess of $75,000.

The Defendants dispute FMIC's jurisdictional allegation as to the amount in controversy, asserting that the accident resulted in property damage totaling approximately $13,000, "there have been no other claims made so as to constitute or create a dispute such that the controversy would be in excess" of $75,000, and there is not "any claim or cause of action pending or threatened against the Defendants, and ... the Complaint for Declaratory Judgment is premature and is due to be dismissed." (Doc. 8 at 2 at ¶8).

In a declaratory judgment action, "for amount in controversy purposes, the value of ... declaratory relief is the value of the object of the litigation measured from the plaintiff's perspective[]") (citation and internal marks omitted). South Florida Wellness, Inc. v. Allstate Ins. Co., 745 F.3d 1312, 1315-1316 (11th Cir.2014). See also Cohen v. Office Depot, Inc., 204 F.3d 1069, 1077 (11th Cir. 2000) ("...[w]hen a plaintiff seeks ... declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." Ericsson GE Mobile Comm'n's, Inc. v. Motorola Comm'n's & Elecs., Inc., 120 F.3d 216, 218-20 (11th Cir. 1997) (same). See also Deutsche Bank Natl. Trust Co. v. Thomason, 2023 WL 2521883, *3 (M.D. Ala. Feb. 27, 2023) (same). FMIC's Complaint alleges no value of the declaratory relief in this case, as measured from its perspective. FMIC's Complaint does not even seek damages.

Moreover, as explained by the Fifth Circuit in Hartford Ins. Co. v. Lou-Con, Inc., 293 F.3d 908, 911 (5th Cir. 2002):

> ... the question on appeal is whether, in a declaratory judgment action concerning the applicability of an insurance policy to a particular occurrence, the amount in controversy is to be measured by the policy limits or by the value of the underlying claim....
>
> ***
>
> We recognize that under certain circumstances the policy limits will establish the amount in controversy. Specifically, the policy limits are controlling "in a declaratory action ... as to the validity of the entire contract between the parties." 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3710 (3d ed.1998); *see also Waller v. Prof'l Ins. Corp.,* 296 F.2d 545, 547 (5th Cir.1961) (holding that when the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy). **However, in declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, "the jurisdictional amount in controversy is measured by the value of the underlying claim— not the face amount of the policy."** 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3710 (3d ed.1998).

(Id. (emphasis added). See, e.g., Conklin Onebeacon Am. Ins. Co., 2018 WL 3850012, *2 (M.D. Fla. Mar. 12, 2018) ("it is clear that when a declaratory judgment action seeks judgment declaring an insurer's liability on a particular occurrence ... the amount in controversy is measured by the value of the underlying claim, not the policy limits[]"); Employers Mut. Cas. Co. v. Parker Towing Co., Inc., 2007 WL 4577705,*2 (S.D. Ala. Dec. 27, 2007) ("a high policy limit does not establish a large amount in controversy for the simple reason that the underlying plaintiff's claim may be for far less than the policy limit[]").

As alleged, FMIC seeks entry of a declaratory judgment declaring that there is no coverage for a particular occurrence -- the April 1, 2022 auto accident involving Personal Touch employee Nelms -- *not the validity of the entire insurance contract/policy*:

> "WHEREFORE, premises considered, FMIC prays this Court will accept jurisdiction of this cause and upon hearing the issues will grant the following relief:

5

    I.  **Declare that the FMIC policy** issued to Personal Touch **provides no coverage** to Personal Touch and/or Nelms **for loss from or related to the auto accident**[]"

(Doc. 1 at 5).

Upon consideration, it is **ORDERED** that Plaintiff FMIC shall **SHOW CAUSE,** on or before **May 8, 2023,** explaining how the amount in controversy is satisfied in this case.

**DONE** and **ORDERED** this the **27th** day of **April 2023**.

                                        /s/ Kristi K. DuBose
                                        **KRISTI K. DuBOSE**
                                        **UNITED STATES DISTRICT JUDGE**